**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-21088
Summary Calendar

United States of America,

Plaintiff - Appellee,

VERSUS

Hoa Duy Dinh,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Houston

(H-00-CR-238-1)

January 24, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges,

PER CURIAM:[*]

Hoa Duy Dinh (Dinh) was found guilty by a jury of conspiracy to commit extortion and sixteen counts of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. The evidence presented established that Dinh and three others extorted U.S. Currency,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alcohol, and cigarettes from the owner of Vu Bida Billiards, a pool hall located in a suburb of the City of Houston and catering principally to Vietnamese and other Asian customers.

The victims accuse Dinh of using physical force and threats of physical and economic harm in order to obtain money from the victims. The government proffered that Vu Bida Billiards affected interstate commerce and that the assets of the business were depleted by the conduct of Dinh, resulting in the closure of Vu Bida Billiards as a result of the extortion.

At the close of all evidence at the trial, Dinh made a motion for acquittal, arguing that the government failed to show that Vu Bida Billiards was engaged in interstate commerce. The trial court denied the motion and ultimately sentenced Dinh to a total of 420 months imprisonment. Dinh filed a timely Notice of Appeal.

Final resolution of this appeal was placed on hold pending a final resolution by this court sitting en banc in the case of United States v. James McFarland, Jr., No. 00-10569, which also involved prosecutions by the federal government under the Hobbs Act for local activities (robberies of local convenience stores), in which McFarland argued that the aggregation principle was not available to establish the required interference with interstate commerce, thus contending that the Hobbs Act could not constitutionally be applied to such conduct. On October 28, 2002, the en banc court in McFarland entered a Per Curiam Order

which stated:

> By reason of an equally divided en banc court, we affirm the district court's judgment of conviction and sentence.

We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record here in Dinh. The en banc decision in McFarland described above did not produce any change in the law of this circuit relating to the applicability of the Hobbs Act to local activities affecting interstate commerce from what it was at the time of the entry of judgment of conviction and sentence against Dinh in this case. See United States v. Robinson, 119 F.3d 1205 (5th Cir. 1997); United States v. Ferguson, 211 F.3d 820, 885 (5th Cir. 2000); United States v. Jennings, 95 F.3d 795, 800 (5th Cir. 1999). Accordingly we **AFFIRM** the judgment of conviction and sentence as entered by the district court.